MARY H. STEVENSON as Administratrix, etc., of JAMES L. STEVENSON, Deceased, Appellant, *v.* HUGH J. JEWETT as Receiver of the Erie Railway Company, Respondent.

*When a railroad corporation is liable to its servant for an injury occasioned by the negligence of the superintendent of its repair shop.*

This action was brought to recover damages for the death of plaintiff's intestate, a fireman in defendant's employ, caused by the explosion of a boiler. Evidence was given tending to show that the explosion was caused by defects in the boiler, and that it was out of repair; that it had been to the repair shop some six months before the accident; that its defects and want of repair could have been discovered by a proper examination, and that the necessary repairs were not then made.

*Held*, that it was error to nonsuit the plaintiff, and that the question of defendant's negligence should have been left to the jury.

That the superintendent having the management of the business of making repairs stood in the place of the company; and that any fault on his part was the fault of the company.

Appeal from a judgment in favor of the defendant, entered upon a nonsuit directed at the Circuit.

The action was brought to recover damages for the death of plaintiff's husband, who was killed by the explosion of a locomotive engine upon the defendant's road. The intestate was in the defendant's employment as a fireman.

*John W. Lyon,* for the appellant.

*Lewis E. Carr,* for the respondent.

Gilbert, J. :

The evidence showed very satisfactorily that the explosion of the boiler was attributable to broken stay-bolts, and the corroded outside sheet of the boiler. There was also evidence tending to show that such a condition of the boiler would not be produced by ordinary use short of five years. Moreover, it appeared that the locomotive was in the shop for general repairs, and was turned out repaired about six months before the explosion occurred. The condition of the boiler after the explosion warranted the inference that the repairs which the boiler most needed were not done. I think that a very strong *prima facie* case of negligence was made out. The matter spoke for itself. It is not a case where the master is excused, because the injury arose from the negligence of a fellow-servant. The negligence was that of the superintendent of repairs, to whom the defendant had intrusted the superintendence and management of the business of making repairs. He stood in the place of the company itself, and any fault on his part was the fault of the defendant. The evidence is clear that he could, by an examination inferior to the most vigilant one, have discovered the defects in the boiler. His omission to do so, and to cause those defects to be remedied, constitutes negligence for which the defendant is liable. The rule that the servant takes the risk of the service, supposes that the master has secured proper servants and proper machinery for the conduct of the work. The decision of the Court of Appeals in the recent case of *Booth* v. *Boston & Alb. R. Co.* (MSS. Op., March 19, 1878), is a full authority for the plaintiff on this subject. The court there

held in so many words, that while it may be necessary for the master to commit the selection of servants, and the purchase and providing of machinery to servants and agents, yet the duty to use reasonable care in performing these acts always remains the duty of the master, and negligence in performing it is his negligence, whether he acted himself or by others ; and that if the immediate negligence is that of an agent or servant, and a co-servant is injured thereby, the law imputes the negligence to the master, in the same way and to the same extent, as if the injury had been sustained by a stranger. To the same extent are the cases of *Flike, Administrator,* v. *The Same* (53 N. Y., 550), and *Malone* v. *Hathaway* (64 id., 5). In the latter case the rule is laid down thus: " When the servant, by whose acts or negligence, or want of skill, other servants of the common employer have received injury, is the ' *alter ego* ' of the master, to whom the employer has left everything, then the middleman's negligence is the negligence of the employer, for which the latter is liable." This is not a novel doctrine, but constitutes a well-established exception to the general rule, which exempts an employer from liability for an injury to his employee arising from the negligence of a co-employee. (*Laning* v. *N. Y. C. R. R. Co.,* 49 N. Y., 521–533.)

As the nonsuit may have been granted upon the ground that the negligence of the defendant was not the cause of the accident, it must be set aside, the judgment must be reversed, and a new trial granted, with costs to abide the event.


DYKMAN, J. :

The defendant is the receiver of the Erie Railway Company, and the railroad is operated under his direction. The intestate of the plaintiff was a fireman on the road and was killed by the explosion of the boiler of a locomotive upon which he was at work at the time. The explosion of the boiler resulted from defective stay-bolts and the corrosion of the outside sheets. There is no claim in this case that the deceased had any knowledge of the defects in this boiler, or had any opportunity to know them. The plaintiff cannot, therefore, be defeated in this action, because his intestate voluntarily continued to use the engine after such

knowledge. Every master is under a legal obligation to his servants to furnish them with suitable and safe machinery and appliances in conducting the business in which they are engaged (*Mehan* v. *Syracuse, etc., R. R.*, Court of Appeals [MSS. Op., March 19, 1878], not yet reported), and the person whose duty it is to see that such machinery is furnished and is reasonably safe and secure, stands in the place of a company, in the case of a railroad or other corporation. His negligence in that respect is the negligence of the principal, and not that of a fellow-servant. He is the general agent and representative of the principal, and not a mere fellow-servant with others who are employed for a specific service. (*Laning* v. *N. Y. C. R. R Co.*, 49 N. Y., 521.)

The locomotive engine whose boiler exploded and caused this accident had been to the shop for repairs, and the testimony tended to show that the defects might have been discovered by the use of proper care and means, and if there was any negligence in the superintendent of the department of repairs, in failing to make the proper examination to discover the defects, or to repair them, such negligence is attributable to the defendant in this instance. This is upon the principle that a master is liable to his servant for negligence in respect to such acts and duties as he is himself bound to perform as principal; such as furnishing proper machinery, and the like. In such case it makes no difference what the rank of the servant is to whom the performance of the duties is intrusted. He stands in place of the principal, and his acts in such behalf are in no just or strict sense those of a fellow-servant. What he does must be done for the principal, and he does it for him. If negligently, he is responsible. There was testimony sufficient to take this question to the jury, and the nonsuit was error. New trial granted, with costs to abide the event.

Present — GILBERT and DYKMAN, JJ.; BARNARD, P. J., not sitting.

Judgment reversed and new trial granted, costs to abide event.